IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| BRANDI JORDAN, <br><br>                              *Plaintiff,* <br><br> v. <br><br> STONEMOR PARTNERS L.P., <br><br>                             *Defendant.* | CASE NO. 6:16-CV-00048 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

      This matter is before the Court upon Defendant Stonemor Partners L.P.'s Motion to Dismiss Count V of Plaintiff Brandi Jordan's Amended Complaint. (Dkt. 26). The first four counts of the Amended Complaint allege Title VII violations by Defendant in the form of race discrimination, sex (gender) discrimination, hostile work environment, and retaliation. (Dkt. 25 ¶¶ 40–55). Defendant does not seek the dismissal of these claims; rather, it asks the Court to dismiss a pendant state law claim of ordinary and gross negligence in Defendant's management of its employees. Defendant requests that the Court exercise its discretion and decline supplemental jurisdiction over Count V. Defendant alternatively argues that even if the Court exercises jurisdiction, Plaintiff has failed to state a claim upon which relief can be granted.

      The Court will exercise supplemental jurisdiction over Count V, as required by 28 U.S.C. § 1367(a), but it will nevertheless dismiss the claim because the tort of negligent supervision of an employee is not recognized by the Commonwealth of Virginia.

## I. LEGAL STANDARD
### A. Rule 12(b)(1)

      Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for dismissal of an action based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff "has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F.*

1

*Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The moving party's motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal citation omitted).

*B. Rule 12(b)(6)*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II. FACTS AS ALLEGED

Plaintiff, an African-American female, was employed by Defendant from November 2010 until January 23, 2015. (Dkt. 25 ¶ 8). She worked initially as a manager of family service

and funerals at Fort Hill Memorial Park. (*Id.* ¶ 9). She was later promoted to assistant manager, earning roughly $130,000 per year prior to termination. (*Id.* ¶ 10).

Anita Deeb, a white female, worked as Defendant's area manager at Fort Hill while Plaintiff was employed there. (*Id.* ¶ 17). Deeb allegedly had an interest in young African-American men as sexual partners, and she often discussed young men she called "house niggers" who came to her house to have sex. (*Id.* ¶ 18). In addition to these comments, Deeb also propositioned an African-American male employee. (*Id.* ¶ 19). When he declined ostensibly because he is a homosexual, Deeb responded angrily and referred to Jordan as a "faggot" in Plaintiff's presence. (*Id.* ¶ 21).

Deeb told employees at Fort Hill "to sell African-American customers plots in the 'Garden of Meditation' area of the cemetery[,] which she called 'Section 8' because the vast majority of persons buried in this part of the cemetery where [*sic*] African Americans." (*Id.* ¶ 23). Deeb said that these plots were the only ones that African Americans could afford because they were downhill and could not been seen by white people visiting the cemetery. (*Id.* ¶ 24). Plaintiff repeatedly reported these and other inappropriate actions by Deeb to human resources, but no action was taken against Deeb. (*Id.* ¶¶ 21, 22, 24).

In December 2014, Plaintiff had a miscarriage when she was two-months pregnant. (*Id.* ¶ 27). She alleges that this miscarriage was proximately caused by the stress from the hostile work environment created by Deeb and the lack of action by the human resources department at Defendant. (*Id.*). The miscarriage required Plaintiff to be on bed rest. (*Id.* ¶ 28). When she returned, Deeb was unsympathetic and told Plaintiff that miscarriages happen all the time; Deeb said she did not know why Plaintiff was so upset. (*Id.* ¶ 29). Plaintiff again submitted a complaint to human resources, but no action was taken. (*Id.* ¶ 30–31).

Plaintiff was terminated in January 2015 because of alleged financial improprieties. (*Id.*

3

¶¶ 11, 32).  Angela Hoover, Defendant's area manager of administration, and Paula Harris, Defendant's regional vice president, informed Plaintiff that $2,070 was missing from a contract with a client.  (*Id.* ¶¶ 12–13).  The missing funds were discovered during a larger investigation of another Fort Hill administrator, Ruettecci Hicks.  (*Id.* ¶ 13).  Roughly $70,000 was unaccounted for under Hicks administration, and she was terminated in January 2015.  (*Id.* ¶¶ 13–14).

Plaintiff's termination resulted in additional financial hardships.  She was entitled to a $10,000 bonus based on contracts that she had closed; that figure was reduced to $5,000, then further reduced by another $2,070 to offset the missing funds.  (*Id.* ¶¶ 33–35).  Plaintiff was told that she would receive nothing if she did not accept the reduced bonus.  (*Id.* ¶ 36).  Plaintiff was also denied a trip to St. Thomas, Virgin Islands, for which she had previously qualified, along with $11,000 in commissions.  (*Id.* ¶¶ 37–38).

As a result of these actions by Defendant, Plaintiff has suffered and will continue to suffer loss of employment, lost wages, lost benefits, future pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, the loss of enjoyment of life, humiliation, and embarrassment.  (*Id.* ¶¶ 45, 51, 55, 60).  These injuries are in addition to her miscarriage.  (*Id.* ¶ 27).

### III. ANALYSIS

#### A. Supplemental Jurisdiction

Defendant first asks the Court to "refuse to exercise pendent jurisdiction over Count V of Plaintiff's Amended Complaint."  (Dkt. 27 at 2).  Defendant cites *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), for the proposition that pendent jurisdiction is a matter wholly within the discretion of the Court.  (Dkt. 27 at 2–3 ("[I]t remains entirely within this Court's discretion whether it *should* extend its jurisdiction.")).  While it is true that *Gibbs* remains a useful case that

4

provides guiding principles regarding supplemental jurisdiction,[1] it is no longer the primary authority on the topic. In passing the Judicial Improvements Act of 1990, Pub. L. 101-650, 104 Stat. 5089 (1990), Congress established concrete rules regarding supplemental jurisdiction in the federal courts. As a result, 28 U.S.C. § 1367(a), not *Gibbs*, governs when the district courts "*shall* have jurisdiction," over "other claims," such as pendent state law claims. 28 U.S.C. § 1367(a) (emphasis added). The use of "shall" makes it clear that supplemental jurisdiction is not "entirely within this Court's discretion." (Dkt. 27 at 2).

Instead, 28 U.S.C. § 1367(c) outlines four circumstances where a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a)." The practical import of this subsection is that although district courts may use their discretion to decline to exercise jurisdiction, their justification for doing so must fit within one of the circumstances outlined in § 1367(c). *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) ("The statute then goes on to provide that courts 'may decline' to exercise supplemental jurisdiction in *certain circumstances* [outlined in § 1367(c)]." (emphasis added)); *see also Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of California*, 24 F.3d 1545, 1556 (9th Cir. 1994), *overruled on other grounds by California Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008) ("[U]nless a court properly invokes a section 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted.").

Because Count V fits squarely within § 1367(a) and does not fit any of the exceptions listed in § 1367(c), the Court must exercise supplemental jurisdiction over Count V. Defendant does not dispute that Count V is "so related to claims in the action within such original

---

[1] "Supplemental jurisdiction" is a modern term used to describe what was once delineated into two different types of jurisdiction: pendent jurisdiction and ancillary jurisdiction. This distinction is no longer relevant, and the Court will use the term "supplemental jurisdiction." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 579 (2005).

5

jurisdiction that they form part of the same case or controversy under Article III," 28 U.S.C. § 1367(a), because Count V clearly shares "a common nucleus of operative fact" with the underlying Title VII claims. *Gibbs*, 383 U.S. at 725. Furthermore, Count V does not "raise[] a novel or complex issue of State law" or "substantially predominate[] over" the Title VII claims, and the Court has not dismissed the Title VII claims, "over which it has original jurisdiction." 28 U.S.C. §§ 1367(c)(1)–(3). Thus, in the absence of exceptional circumstances, 28 U.S.C. § 1367(c)(4), the Court is not granted discretion by statute to decline to exercise supplemental jurisdiction. Accordingly, the Court will exercise jurisdiction over Count V.

### B. Failure to State a Claim

Defendant's jurisdictional arguments are more properly characterized as assertions that Count V should be dismissed because it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Defendant contends that Count V fails as a matter of Virginia tort law because it does not satisfy the required elements of negligence or gross negligence.

The Court need not address these arguments, however, because there is a threshold question of whether this tort is recognized in Virginia. The Amended Complaint states that Defendant "had *a duty to investigate* all claims of race, gender, sexual harassment and retaliation in the workplace and following an investigation, and where warranted, *address and eliminate* the circumstances that gave rise to such claims." (Dkt. 25 ¶ 57 (emphasis added)). Such a duty simply does not exist in Virginia. The duty to investigate, address, and eliminate harassment in the workplace is established by Title VII, not Virginia state law. In the absence of an a recognized duty, a state law claim of negligence cannot proceed. *Steward ex rel. Steward v. Holland Family Properties, LLC*, 284 Va. 282, 286 (2012).

Although Plaintiff does not identify it as such, this is, in essence, a claim of negligent supervision of employees. The Supreme Court of Virginia has made clear that this tort is not

6

recognized in the Commonwealth. *Chesapeake & Potomac Tel. Co. of Virginia v. Dowdy*, 235 Va. 55, 61 (1988) (holding that Virginia does not recognize the tort of negligent supervision of employees); *see also Lawrence v. Sentara Hosps.-Norfolk*, 90 Va. Cir. 232 (Norfolk 2015) ("The Supreme Court of Virginia in an unpublished order, however, recently [reasserted] that Virginia does not recognize a claim for negligent supervision." (internal quotation marks and citations omitted)). Coincidentally, the facts of *Dowdy* are quite similar to the instant case.[2] Consequently, the Court will dismiss Count V with prejudice because it fails to state a claim that is cognizable under Virginia law.

## V. Conclusion

Based on the foregoing, Defendant's motion to dismiss Count V of the Amended Complaint will be granted, and Count V will be dismissed with prejudice. Plaintiff, in her brief, alternatively requests leave to amend her complaint to demonstrate diversity. Not only is this the improper procedure for making such a request, *see* W.D. Va. Civ. R. 11, but also the request would be futile. Because Virginia does not recognize a tort of failure to supervise employees, amending the complaint could not save Count V, and the Court will disregard this request.

An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to Plaintiff, Defendant, and all counsel of record.

Entered this __17th__ day of January, 2017.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] In *Dowdy*, the plaintiff, a former employee of the defendants, claimed that his coworkers had harassed and mistreated him. *Dowdy*, 235 Va. at 58–59. He sought recovery for the defendants' failure to supervise their employees and address the problem, despite "full notice" of the harassment. *Id.* The Virginia Supreme Court refused to recognize the tort of negligent supervision of employees, stating that "there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances." *Id.* at 61.

7

Case 6:16-cv-00048-NKM-RSB   Document 37   Filed 01/17/17   Page 7 of 7   Pageid#: 166